## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| YURI GRANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:21-cv-00077-JAJ-SBJ |
| | ) | |
| vs. | ) | |
| | ) | |
| QUAD CITY SYMPHONY ORCHESTRA | ) | **DEFENDANT'S BRIEF IN SUPPORT OF** |
| ASSOCIATION, | ) | **PARTIAL MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |

Defendant, Quad City Symphony Orchestra Association ("QCSO"), by its counsel Lane &
Waterman LLP, states as follows for its Brief in Support of its Partial Motion to Dismiss pursuant
to Federal Rule of Civil Procedure 12(b)(6):

## I.      INTRODUCTION

On April 12, 2021, the Equal Employment Opportunity Commission ("EEOC") issued a
"Dismissal and Notice of Rights" to Plaintiff Yuri Grankin ("Grankin"), informing Grankin that
the EEOC closed its file on his charge against the QCSO and that Grankin must file a lawsuit
against the QCSO based on the charge within ninety days from the receipt of the notice, or his
right to sue based on the charge would be lost (such a notice is commonly referred to as a "right-
to-sue letter").  *See* Dismissal and Notice of Rights dated April 12, 2021, attached hereto as Exhibit
A.  On September 21, 2021, 162 days after the date of the EEOC right-to-sue letter, Grankin filed
his Complaint in this action, alleging discrimination claims under Title VII and the Iowa Civil
Rights Act ("ICRA") and a defamation claim.  Grankin's claims under Title VII must be dismissed
because they were not filed within the ninety day statutory deadline to file a lawsuit after receiving

the EEOC right-to-sue letter.[1]  Grankin's defamation claim must be dismissed because he does not

allege that the QCSO published its reasons for terminating his employment to any third party.

## II.   LAW & ARGUMENT

### A.   Motion to dismiss standards.

QCSO moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule

12(b)(6) allows a party to argue, by motion, that the initial pleading does not "state a claim upon

which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss predicated

on Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594

(8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint must include "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all

facts alleged by the complaining party . . . are true, and must liberally construe those allegations."

*McLeodUSA Telecommunications Servs., Inc. v. Qwest Corp.*, 469 F. Supp. 2d 677, 687–88 (N.D.

Iowa 2007) (citations omitted).  However, the Court is "not bound to accept as true a legal

conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 570.  "[A] court should grant

the motion and dismiss the action only if it is clear that no relief could be granted under any set of

---

[1] Grankin was issued a Letter of Right-To-Sue from the Iowa Civil Rights Commission for his ICRA claims on June 23, 2021.  *See* Administrative Release (Letter of Right-To-Sue) issued June 23, 2021, attached hereto as Exhibit B.  The QCSO does not challenge the timeliness of his ICRA claims here.

facts that could be proved consistent with the allegations." *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In deciding a 12(b)(6) motion, courts may consider documents incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public records. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citations omitted). Courts may consider these items without converting a 12(b)(6) motion to a motion for summary judgment. *Id.* (citing Fed. R. Civ. P. 12(d)). A court may consider a right-to-sue letter attached to a motion to dismiss without converting the motion into a motion for summary judgment. *See Banks v. John Deere and Co.*, No. C13-2088, 2014 WL 1276143, at *3 (N.D. Iowa Mar. 27, 2014); *Beattie v. Wells Fargo Bank, N.A.*, No. 4:09-cv-00037-JEG, 2009 WL 10703097, at *6 n.6 (S.D. Iowa July 2, 2009).

**B.    Grankin's claims under Title VII must be dismissed because they were not filed within the ninety day statutory deadline to file a lawsuit after receiving the EEOC right-to-sue letter.**

Grankin brings his employment discrimination claims under both Title VII and ICRA. Title VII requires a claimant to commence a federal claim in either state or federal court within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Id.* (quoting *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123 (8th Cir. 1989)). A right-to-sue letter is presumed received three days after mailing. *Id.* (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)).

Here, Grankin's Complaint was filed 162 days after the date of the EEOC right-to-sue letter, well after the ninety day deadline to do so, even assuming the EEOC right-to-sue letter was not received until a few days after mailing. As a result, Grankin's claims under Title VII must be

dismissed as untimely. *See Hales v. Casey's Marking Company*, 135 F. Supp. 3d 922, 925 (S.D. Iowa 2015) (finding that the plaintiff's ICRA claim must be dismissed as untimely because it was filed more than ninety days after the issuance of the ICRC's administrative release); *Lucht*, 491 F. Supp. 2d at 865–66 (plaintiff's claims under Title VII and the ICRA were dismissed as untimely because they were filed more than ninety days after the issuance and receipt of the right-to-sue letter). The fact that the ICRC issued its right-to-sue letter after the EEOC right-to-sue letter does not save Grankin's Title VII claims. *See Hales*, 135 F. Supp. 3d at 924–25 (plaintiff's ICRA claim was dismissed as untimely even though plaintiff's Title VII claim was timely because the EEOC right-to-sue letter was issued later). The EEOC right-to-sue letter informed Grankin that a lawsuit under federal law needed to be filed within ninety days of his receipt of the EEOC right-to-sue letter. The later receipt of the Iowa right-to-sue letter does not extend the ninety day statutory deadline to bring a federal discrimination claim.

**C.     Grankin's defamation claim must be dismissed because he does not allege that the QCSO published its reasons for terminating his employment to any third party.**

Grankin also brings a defamation claim against the QCSO. Grankin alleges that the reasons given by the QCSO for the termination of his employment were defamatory. He alleges that the QCSO "smeared" him in his termination letter. Grankin does not allege that the QCSO shared the reasons for his termination or the termination letter with any third party. "Publication is an essential element of defamation and simply means a communication of statements to one or more third persons." *Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 221 (Iowa 1996). "Publication does not exist when the defamatory statements are made only to the person who is being defamed." *Id.* Grankin's defamation claim must be dismissed because he does not allege or assert QCSO told anyone other than Grankin the reasons for his termination or gave the termination letter to anyone

other than Grankin.  A defamation action cannot be maintained on the lone assertion that an employer's reasons for termination communicated to the employee were false.

### III.    CONCLUSION

Grankin's discrimination claims under Title VII must be dismissed as untimely because his Complaint was filed well after the ninety day deadline to file a lawsuit based on federal law. Grankin's defamation claim must also be dismissed because he fails to allege an essential element of a defamation claim—publication to a third party.

LANE & WATERMAN LLP


By: */s/ Mikkie R. Schiltz*
Mikkie R. Schiltz, AT0007038
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone:  563-324-3246
Facsimile:  563-324-1616
Email:  mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANT QUAD CITY SYMPHONY ORCHESTRA ASSOCIATION**


### CERTIFICATE OF FILING AND SERVICE

I hereby certify that on <u>November 8, 2021</u>, I electronically filed the foregoing document with the Clerk of Court by using the Court's online electronic filing system which will provide notification of such filing to all parties of record.  *In addition*, I certify that a copy of the foregoing document was mailed via U.S. Mail to Plaintiff at his last known mailing address:

Yuri Grankin
1004 Siesta Avenue
Boynton Beach, Florida 33426

*/s/ Mikkie R. Schiltz*
Mikkie R. Schiltz