RECEIVED
NOV 2 2 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| YURI GRANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:21-cv-00077-JAJ-SBJ |
| | ) | |
| vs. | ) | |
| | ) | |
| QUAD CITY SYMPHONY ORCHESTRA | ) | PLAINTIFF'S BRIEF IN SUPPORT OF |
| ASSOCIATION | ) | OPPOSITION TO MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |

Plaintiff, Yuri Grankin, states as follows for his Brief in Support of Opposition to Defendant's Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 61, and following instructions of state and federal law enforcement agencies:

## I. INTRODUCTION

On August 20, 2020, Plaintiff filed an employment discrimination complaint against Defendant with the state agency, Iowa Civil Rights Commission ("ICRC"), pursuant to the work sharing agreement between federal and state agencies and rules outlined by the Iowa Administrative Code. ICRC conducted its initial screening and closed the complaint based on insufficient evidence of discrimination, without conducting any further investigation. On October 9, 2020, ICRC issued an administrative closure along with instructions to Plaintiff stating that he could request a right-to-sue letter as long as (1) complaint was filed within 300 days of the alleged incident; (2) sixty days had not elapsed since filing date; (3) finding of "no probable cause" had not been issued; (4) no conciliation agreement was negotiated; (5) notice of hearing had not been served upon Respondent; and (6) two years had not elapsed. *See* Exhibit A. Plaintiff

followed ICRC's instructions and obtained the right-to-sue from ICRC, having met all of the above conditions.

## II.     LAW & ARGUMENT

On April 12, 2020, EEOC issued a Dismissal and Rights Notice, stating that Plaintiff had 90 days to file a lawsuit or lose his rights to sue. *See* Exhibit B. EEOC letter also stated that Plaintiff must request a right-to-sue letter from the agency he filed with (ICRC). Plaintiff obtained the right-to-sue from ICRC, dated 6/23/21, stating that he had 90 days to file a complaint in court. Plaintiff contacted EEOC, ICRC and the Clerk of Court (as instructed in the EEOC letter) on June 1, 2020, in an attempt to clarify which instructions to follow, but was unsuccessful in obtaining clarification. Since EEOC's involvement in the case was minimal and EEOC adopted its finding from the local administrative agency, Plaintiff followed the instructions of the state administrative agency that handled his case per EEOC-ICRC work sharing agreement.

If it is, indeed, the case that Defendant, a lay person, followed the wrong set of competing instructions from state and federal law enforcement agencies, such an error must not be grounds to dismiss the Complaint, and the Court "must disregard errors and defects that do not affect any party's substantial rights" pursuant to Federal Rule of Civil Procedure 61.

According to Federal Rule of Civil Procedure 6(b)(1)(B), "when an act may or must be done within a specified time, the court may, for good cause, extend the time … after the time has expired if the party failed to act because of excusable neglect." Given the good faith effort put forth by Plaintiff in pursuing his claims, the Court should extend the filing deadline and consider Plaintiff's Complaint.

Finally, the Title VII part of the Complaint is inextricably tied to the defamation part of the complaint, because Plaintiff was accused of, and terminated for, committing discriminatory acts (repeatedly making "racially disparaging remarks" on social media). Therefore, it is essential to determine whether Plaintiff,

indeed, committed these discriminatory acts, and the Court must investigate whether discrimination occurred in this case, either by the Defendant or the Plaintiff.

Regarding Plaintiff's claim of defamation, Defendant alleges that no defamation occurred when it terminated Plaintiff and issued a termination letter that stated that he made "racially disparaging remarks", because the reasons for termination of employment were not disclosed to any third party. Defendant's allegation must be disregarded because: (1) the events and details surrounding Plaintiff's termination were shared with multiple individuals of a large organization, not just the management, and it is impossible to know without an investigation whether the reasons were communicated to anyone outside the organization; (2) Defendant occupies a dominant role in the small, closely-knit classical musician community in the area. If Defendant chooses to shun a musician in the community, that musician is likely to be shunned by other musicians and lose potential earning opportunities; and (3) Plaintiff's termination will inevitably be disclosed to third parties in the future as part of required information routinely collected by employers. Lying about past terminations and reasons for them is not a realistic life strategy for anyone who is not independently wealthy. Future potential employers will surely ask Plaintiff for such information, and Plaintiff's employment prospects and earning may be severely limited when he is forced to comply with such inquiries about past employment history.

## CONCLUSION

Defendant's Partial Motion to Dismiss Plaintiff's Title VII claims should be denied because Plaintiff filed the Complaint in good faith, followed guidelines of federal and state law enforcement agencies and exhausted all resources publicly available to him. Additionally, Title VII claims must be investigated because such an investigation is necessary to determine the validity of Plaintiff's defamation claims. Defendant's Motion to Dismiss Plaintiff's defamation claims should be denied because it is unclear whether publication to a third party has occurred, and such publication is likely to occur in the future.

By: _____
YURI GRANKIN, Plaintiff
1004 Siesta Ave
Boynton Beach, FL 33426
Telephone: 520-599-4304
Email: grankinyuri@hotmail.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 22, 2021, I filed the foregoing document with the Clerk of Court. In addition, I certify that a copy of the foregoing document was mailed via U.S. Mail to Defendant's attorney at the following address:

    Mikkie R. Schiltz, AT0007038
    220 North Main Street, Suite 600
    Davenport, IA 52801

_____
Yuri Grankin