**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| YURI GRANKIN, | ) |
|     Plaintiff, | ) No. 3:21-cv-00077-JAJ-SBJ |
| vs. | ) |
| QUAD CITY SYMPHONY ORCHESTRA ASSOCIATION, | ) **DEFENDANT'S REPLY TO PLAINTIFF'S RESISTANCE TO PARTIAL MOTION TO DISMISS** |
|     Defendant. | ) |

Defendant Quad City Symphony Orchestra Association ("QCSO"), by its counsel, Lane & Waterman LLP, states as follows for its Reply to Plaintiff's Resistance to its Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6):

Plaintiff Yuri Grankin ("Grankin") admits he received the EEOC right-to-sue letter dated April 12, 2021, and admits the letter required a lawsuit against QCSO be filed within ninety days of his receipt of the letter. *See* Doc. No. 8 at 1; Doc. No. 8-1 at 2. Under 42 U.S.C. § 2000e–5(f)(1), Grankin must have filed his Complaint within ninety days of receipt of the EEOC letter, which he did not do. As a result, his claims based on Title VII, federal law, must be dismissed as untimely.

Grankin is given no leniency in complying with a mandatory statutory deadline because he is pro se. Pro se litigants are not excused from complying with substantive and procedural law. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). The Federal Rules of Civil Procedure cited by Grankin are also of no help to him. Rule 61 addresses the admission or exclusion of evidence in trial. Rule 6(b)(1)(B) applies to extensions of filing deadlines that are set by a court or court rules, not mandatory jurisdictional deadlines.

Further, Grankin has failed to set forth any argument that his Complaint properly alleges the publication element of defamation or that the publication element of defamation is not required. Grankin admits he did not assert and still has no claim that QCSO, through its representatives and/or employees, made any statement regarding Grankin to a third party. Grankin attempts to rely on mere speculation that publication is likely to occur in the future. Grankin has no standing to sue in federal court for a future statement. To have standing to sue in federal court, Grankin must demonstrate, among other things, that a defamatory statement was made and that he suffered a concrete harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). The mere risk of future harm cannot qualify as a concrete harm. *TransUnion LLC*, 141 S. Ct. at 2211. Further, Grankin alleges that the future publication will occur when Grankin himself reveals to others the reasons for his employment termination by QCSO. *See* Doc. No. 8-1 at 3. However, publication only occurs when QCSO, or its representative, communicates a statement to a third party, not when Grankin repeats to others what QCSO has told him. "Publication does not exist when the defamatory statements are made only to the person who is being defamed, and it is that person who disseminates the information." *Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 221 (Iowa 1996). Grankin's defamation claim must be dismissed because his Complaint does not allege an actual publication of a statement by QCSO.

Defendant Quad City Symphony Orchestra Association respectfully requests that the Court grant this Partial Motion to Dismiss and dismiss Grankin's Title VII claims and defamation claim.

        LANE & WATERMAN LLP

        By: */s/ Mikkie R. Schiltz*
        Mikkie R. Schiltz, AT0007038
        LANE & WATERMAN LLP
        220 North Main Street, Suite 600

Davenport, IA 52801
Telephone: 563-324-3246
Facsimile: 563-324-1616
Email: mschiltz@l-wlaw.com

**ATTORNEYS FOR DEFENDANT QUAD CITY SYMPHONY ORCHESTRA ASSOCIATION**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on <u>November 24, 2021</u>, the foregoing document was electronically filed with the Clerk of Court by using the ECF system which will provide notification of such filing to all parties of record. In addition, I certify that a copy of the foregoing document was also sent by regular U.S. Mail to the Plaintiff at his last known mailing address:

Yuri Grankin
1004 Siesta Avenue
Boynton Beach, Florida 33426

<u>/s/ Mikkie R. Schiltz</u>