# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

YURI GRANKIN,

　　　　　　　　　Plaintiff,

vs.

QUAD CITY SYMPHONY
ORCHESTRA ASSOCIATION,

　　　　　　　　　Defendant.

No. 3:21-cv-00077-JAJ-SBJ

**OPINION AND ORDER
REGARDING DEFENDANT'S
MOTION TO DISMISS**

---

In this case, the *pro se* plaintiff, a musician, alleges that the management of the defendant orchestra discriminatorily discharged him and then gave a defamatory reason for doing so in his termination letter. This case is now before the court on the orchestra's November 8, 2021, Partial Motion To Dismiss [Dkt. No. 7], which seeks dismissal of the musician's federal discrimination claim and his state defamation claim but not his state discrimination claim. The musician filed his Opposition To Motion To Dismiss [Dkt. No. 8] on November 22, 2021, and the orchestra filed its Reply [Dkt. No. 9] on November 24, 2021. For the reasons set out below, the orchestra's November 8, 2021, Partial Motion To Dismiss [Dkt. No. 7] is **GRANTED *in part*** and **DENIED *without prejudice in part***, and remaining claims are **DISMISSED *without prejudice*** pursuant to 28 U.S.C. § 1367(c)(3).

## I.    INTRODUCTION

The factual background to this case is drawn from the plaintiff's Complaint and documents attached to or embraced by it. The additional documents embraced by the Complaint provided Grankin with notice of his right-to-sue on his federal and state discrimination claims. These documents were attached to the parties' briefs, they are necessarily embraced by Grankin's Complaint and integral to the timeliness of his Title VII claim, and no party challenges their authenticity. *See Zean v. Fairview Health Servs.*,

858 F.3d 520, 526 (8th Cir. 2017) (explaining what documents the court may consider on a Rule 12(b)(6) motion to dismiss).

Plaintiff Yuri Grankin alleges that, on July 6, 2020, after 16 years with the Quad City Symphony Orchestra (QCSO), he was terminated by the management ostensibly for "egregious just cause" consisting of "racially disparaging remarks and content repeatedly shared" on his private Facebook page.  Complaint, 5.  He contends that this reason was pretextual, because other organization members shared similar or nearly identical content on their pages without consequences.  *Id.*  He also alleges that his posts were "conservative," not "racist," and that he was, in fact, speaking out against specific kinds of racially disparaging content promoted by the management. *Id.* at 5-6.  Grankin asserts that the discrimination was based on his national origin (Russian) and creed (a "secular" worldview of people from former communist countries which stands in the place of a traditional organized religion).  *Id.*  Grankin alleges that, in addition to terminating him, the QCSO made him "persona non grata in the classical music community in the area, depriving [him] of [any] future possibility of making a living as a freelance musician." *Id.* at 7.

Grankin's defamation claim is based on the following allegation:

> In addition, [the QCSO] smeared me in my termination letter, thus ensuring that any time I apply for a job in the future I will have to indicate that I was terminated because of "racially disparaging remarks".

Complaint at 7.  In support of his claim for relief, Grankin also alleges, "This 'colorful' employment record is certain to severely limit my employment prospects in the future." *Id.*

Although the record does not indicate when Grankin filed administrative complaints with the Iowa Civil Rights Commission (ICRC) and the Equal Employment Opportunity Commission (EEOC), it is evident that he filed a complaint with both agencies.  The parties have attached to their briefs Grankin's October 9, 2020, letter giving notice of administrative closure of his administrative complaint from the ICRC; his April 12, 2021,

Notice of Suit Rights from the EEOC; and his June 23, 2021, Administrative Release (Letter of Right-To-Sue) from the ICRC.

Grankin filed his *pro se* Complaint in this court on September 21, 2021, which the QCSO points out is 162 days after the date of the EEOC's Notice of Suit Rights (right-to-sue letter). Grantkin's Complaint indicates that he is alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 and IOWA CODE § 216 as well as a claim for libel or slander. Complaint at 3. Grankin obtained leave to proceed *in forma pauperis*, but his Motion To Appoint Counsel was denied.

The QCSO's Motion now before the court followed in due course.

## II.    LEGAL ANALYSIS
### A.    Timeliness Of The Title VII Claim

The QCSO asserts that Grankin's Title VII claim should be dismissed as untimely. Title VII provides that an action must be filed within ninety days after a complainant receives a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Eighth Circuit Court of Appeals has affirmed the dismissal of Title VII claims as untimely because they were filed more than 90 days after the issuance of a right-to-sue letter. *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1054 (8th Cir. 2002). Here, Grankin's federal Complaint was not filed until 162 days after the date of his right-to-sue notice from the EEOC. Thus, his Title VII claim is untimely.

An otherwise untimely Title VII claim can be pursued, however, if the time for filing suit is "equitably tolled." *See, e.g., Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 734 (8th Cir. 2018). Grankin argues that his Title VII claim should not be dismissed, because he was confused about whether to follow the deadline in the EEOC's right-to-sue letter or the later deadline in the ICRC's right-to-sue letter. He contends that, because the EEOC's involvement in the case was "minimal," he followed the instructions of the state administrative agency that handled his case. He contends that his federal claim should not be dismissed, because he is a lay person who followed the wrong set of instructions.

As the Eighth Circuit Court of Appeals explained some time ago, "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Equitable tolling may be appropriate, particularly in the case of a *pro se* plaintiff, if the EEOC provided misleading information about when or whom to sue. *See Warren v. Department of the Army*, 867 F.2d 1156, 1160–61 (8th Cir. 1989). There is nothing misleading or confusing about the EEOC's right-to-sue notice here, however. The right-to-sue letter Grankin received from the EEOC made it clear that a Title VII claim "**must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**," and added, "The time limit for filing suit based on a claim under state law may be different." Def.'s Brf., Ex. A (EEOC Notice Of Suit Rights), 1 (emphasis in the original); Pf.'s Brf., Ex. B (same). There is no provision in Title VII nor any authorization in controlling court decisions for tolling the ninety-day period to file suit on a Title VII claim based on a plaintiff's subsequent receipt of a later-dated state human rights commission notice of right to sue on a state claim. Indeed, the Eighth Circuit Court of Appeals has recognized that, in the reverse situation, the timely filing of a Title VII claim does not equitably toll the time to file an ICRA claim. *Hales*, 886 F.3d at 734. Thus, the court concludes that equitable tolling does not apply when a plaintiff complies with the wrong deadline.

The QCSO's Motion will be granted as to dismissal of Grankin's Title VII claim as untimely. The untimeliness of that claim cannot be remedied by repleading or other action, so the dismissal of the Title VII claim is with prejudice.

### B.    Remaining Claims

The QCSO also challenges Grankin's state defamation claim for failure to state a claim upon which relief can be granted, because it fails to allege an essential element, that is, that the QCSO published its reasons for terminating his employment to a third party. The QCSO does not challenge Grankin's state discrimination claim under IOWA CODE § 216. Under the circumstances, the court finds it inappropriate to consider whether

Grankin's state defamation claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Instead, the court will dismiss this case *sua sponte*, without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

Section 1367(c) provides, in pertinent part,

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> * * *
>
> (3) the district court has dismissed all claims over which it has original jurisdiction[.]

28 U.S.C. § 1367(c)(3). Here, Grankin's Title VII claim was the only claim over which this court had original jurisdiction; the court's jurisdiction over Grankin's state discrimination and defamation claims was only supplemental. *See* 28 U.S.C. § 1367(a).

As the Eighth Circuit Court of Appeals has explained, pursuant to § 1367(c), "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 645 n.3 (8th Cir. 2021) (quoting *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), in turn quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). Indeed, "[i]n the 'usual case' where all federal claims are dismissed on a motion for summary judgment, 'the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Doing so, here, is all the more appropriate, because of the very preliminary stage of the proceedings in this court and the propriety of leaving to the state court the determination of the viability of a defamation claim based on alleged compelled self-publication. *See, e.g., Theisen v. Covenant Med. Ctr., Inc.*, 636 N.W.2d 74, 83-85 (Iowa 2001) (discussing the theory of compelled self-publication for a defamation claim). The Eighth Circuit Court of Appeals will "rarely overturn this 'purely discretionary' call." *Starkey*, 987 F.3d at 765 (quoting

*McManemy v. Tierney*, 970 F.3d 1034, 1040–41 (8th Cir. 2020)).  Because the court has the discretion to dismiss a case *sua sponte*, *see Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006), it has the discretion to do so over the parties' objections.

Finally, when, as here, a case is originally filed in federal court, "a district court has no power to remand a non-removed case to state court."  *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015). Consequently, the court must dismiss Grankin's remaining state claims without prejudice.  Section 1367(d) provides, "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (discussing an earlier version of the statute).  Here, Grankin's state claims will not be "lost," because § 1367(d) and Iowa's "savings" or "failure of action" statute, Iowa Code § 614.10, will preserve those claims, assuming those claims are refiled within the period provided.  *See* Iowa Code § 614.10 ("If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.").

The court declines to address the remaining claims and, instead, dismisses them without prejudice pursuant to § 1367(c)(3).

### III.   CONCLUSION

Upon the foregoing,

**IT IS ORDERED** that

1.     defendant QCSO's November 8, 2021, Partial Motion To Dismiss [Dkt. No. 7] is **GRANTED** *in part* and **DENIED** *in part*, as follows:

      a.      The Motion is **GRANTED** as to the Title VII claim in the plaintiff's Complaint, and that claim is **DISMISSED** ***with prejudice*** as untimely, but

      b.      The Motion is **DENIED** ***without prejudice*** as to the Iowa Code § 216 discrimination claim and the state defamation claim in the plaintiff's Complaint.

      2.      This action is **DISMISSED** ***without prejudice***, because the court declines to exercise supplemental jurisdiction over remaining state claims pursuant to 28 U.S.C. § 1367(c)(3).

      **DATED** this 2nd day of December 2021.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA